## No. 7787.

### T. W. ROBINS, SHERIFF, VS. B. M. G. BROWN.

A sheriff has a cause of action in damages or otherwise to protect his possession and to shield himself from liability; but this right of action is limited by the degree of responsibility which may result should the property seized be illegally withdrawn.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *McVea*, J.

T. J. Kernan, Calhoun Fluker, and K. A. Cross for plaintiff and appellee :

The possession of the owner is divested by seizure, and the sheriff is the rightful possessor and can maintain an action of trespass against a disturber of this possession. 6 Rob. 101.

When the sheriff's possession has been divested by force and fraud on the part of the seized debtor, the wrong cannot afterward be condoned by a compromise between the seizing creditor and the seized debtor. 29 An. 214.

Wedge & Moore and J. G. Kilbourne for defendant and appellant :

There has been no force or fraud used by defendant to divest the sheriff's possession. Defendant has paid the seizing creditor his full claim, interest and costs. This puts an end to the sheriff's right of action as legal possessor. As to damages, he has suffered none personally, and cannot recover any. Field on Damages, p. 31 ; 17 La. 567 ; 7

Nebraska R. 194; 4 An. 79, 440; 7 An. 447; 10 An. 33; 11 An. 645; 5 Indiana R. 352; 18 *ib.* 350; 20 *ib.* 190; 11 *ib.* 64; 13 An. 116.

The opinion of the court was delivered by

WHITE, J. The plaintiff, as sheriff of the parish of East Feliciana, sues to recover the sum of $1090 upon the following cause of action: That as sheriff, under the authority of a writ of sequestration, he levied on certain cotton, the property of John Dent, the defendant in the sequestration, and placed the same in charge of a keeper; that the defendant fraudulently and illegally by force of arms took from the possession of the keeper two of the bales of cotton which had been sequestered and retained the same, one thousand dollars of the claim being demanded as damages and the remainder as the value of the cotton. The defendant answered by a general denial and by a special denial of the right of the sheriff to stand in judgment in the absence of all complaint by the plaintiff in the sequestration suit. There was judgment below on the verdict of a jury for two hundred and fifty dollars damages; defendant appeals, and plaintiff answers praying judgment as asked below. The facts as disclosed by the record are as follows:

On the 24th September, 1877, Picard & Weil, on a claim of $137 54, caused to be issued a writ of sequestration against John Dent and others. Under this writ the sheriff seized a small growing crop belonging to Dent and appointed one Keller as keeper some time afterward. Dent, who had obtained his supplies from Brown, called upon him to obtain bagging for two bales, which he offered to deliver to him, the two bales being a part of the crop which had been seized. Brown thereupon sent his son with a wagon to the gin where the cotton was, and upon the refusal of the keeper to deliver it, he falsely represented to him that he was a deputy sheriff, and by this misrepresentation obtained possession of two bales of the cotton, which he took in the wagon to his father's premises. Upon learning of the removal, a deputy sheriff called on the defendant for the return of the cotton, which was yet in the defendant's hands. He pointed it out to the sheriff, told him he claimed it as furnisher of supplies; would hold it subject to the Picard & Weil suit, but refused to haul it back himself to the place whence it had been wrongfully removed. This suit was then commenced, and shortly thereafter the defendant acquired all the right of Picard & Weil in and to their suit against Dent, and paid the costs, including those of the sheriff therein. Under this state of facts the defendant contends that the sheriff has no action in damages, *as sheriff*, and that if he had the same was settled by the payment of the claim and costs of Picard & Weil, under whose sequestration the cotton was held by the sheriff. We take it that a sheriff entitled to the custody and possession of property has

an action in damages or otherwise to protect his possession and to shield himself from responsibility, and that this right for that purpose is limited by the degree of liability to be entailed on the sheriff should he illegally part with the property which it is his duty to hold. To this extent and no further we consider the case of Winn vs. Elgee, 6 R. 101, as going. This being true, the only question is how far the settlement made with Picard & Weil after the institution of this suit deprived the plaintiff of remedy, or rather diminished the quantum of damages? The settlement obviously relieved the plaintiff from all liability to Picard & Weil, and was hence destructive of all claim to actual damages unless it be the expense to which the plaintiff was subjected in bringing the present suit, for which one hundred dollars would be a liberal allowance.

It is contended that as the sheriff had a cause of action that cause could not be destroyed without his privity. The fallacy consists in confounding the claim of a sheriff as sheriff with his *individual* rights, if any, and his independent right as sheriff to commence an action to protect himself from liability with the cessation of the right of action upon the settlement of the cause of action. The axiom of "*sublato fundamento cadit opus*," is decisive of the cause.

We therefore order that the verdict and judgment below be reduced from two hundred and fifty to one hundred dollars, and as thus reduced they be affirmed, the costs below to be borne by the defendant, those of the appeal by the plaintiff.